JOSÉ MARÍA y JUAN FRANCESCHI, DOMINGO, SALVADOR y ESTRELLA LEANDRI y ANGEL y BLANCA MASSARI, peticionarios, v. LA CORTE DE DISTRITO DE PONCE, HON. DOMINGO SEPÚLVEDA, JUEZ, y LÓPEZ DE TORD & ZAYAS PIZARRO, demandados.

No. 6288.—*Sometido:* Abril 3, 1933. *Resuelto:* Noviembre 7, 1933.

*Henry G. Molina* y *M. León Parra,* abogados de los apelantes; *López de Tord & Zayas Pizarro,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Los herederos testamentarios de José María Franceschi solicitan de los Sres. López de Tord y Zayas Pizarro, abogados de la administración judicial de los bienes relictos a la muerte de dicho Sr. Franceschi, la entrega de todos los documentos originales o copias que tengan relacionados con los bienes, valores, obligaciones y reclamaciones del caudal hereditario dejado por Francisco María Franceschi, incluyendo copias de alegatos, cartas, recibos, memorándums y cuanto hayan recibido o hayan preparado en su carácter de abogados.

Los Sres. López de Tord y Zayas Pizarro alegan que únicamente conservan en su poder algunas cartas y copias de alegaciones, cartas y otros documentos, de su exclusiva pertenencia, a cuyos originales, que se encuentran en los archivos de las cortes, tienen acceso los herederos. Impugnan la petición por insuficiente, en tanto en cuanto se solicitan copias de alegaciones y cartas y se añade que los abogados tienen un derecho de retención (*lien*) sobre todos los documentos y valores que puedan estar en su posesión con motivo de su empleo.

La corte inferior, basándose en las alegaciones y alegatos de las partes, declaró sin lugar la moción por entender que en Puerto Rico existe un *lien* en virtud del cual un abogado tiene el derecho de retener todos los documentos y papeles, incluyendo valores de su cliente que hayan sido recibidos por

el abogado en el curso ordinario de sus gestiones, hasta tanto dichos honorarios hayan sido liquidados y satisfechos.

La parte apelada alega en primer término que la resolución de la Corte de Distrito de Ponce no es apelable y que es frívolo el recurso entablado contra la mencionada resolución. La vista de la moción de desestimación tuvo lugar el mismo día en que se discutió el recurso en sus méritos para ser resuelto en caso de que no prosperase la desestimación.

Opinamos que se trata de una resolución apelable. La resolución de la corte inferior resuelve definitivamente los derechos de las partes con respecto a los documentos que se reclaman y tiene a nuestro juicio el carácter de una sentencia.

■■ El recurso interpuesto nos parece claramente frívolo. La frivolidad surge, en nuestro sentir, de la misma moción solicitando la entrega de los documentos. Según se alega en la solicitud, los Sres. López de Tord y Zayas Pizarro recibieron de los herederos una carta que copiada literalmente dice así:

"Sres. López de Tord y Zayas Pizarro,—Ponce, P. R.—Muy señores nuestros:—Por cuanto ustedes han cesado como abogados de la Sucn. Franceschi y del Administrador Judicial y es necesario que nuestro nuevo abogado, Sr. Henry G. Molina, examine todos los récords de los distintos casos que ustedes han llevado le rogamos a Uds. se sirvan entregarnos todos dichos récords, así como cualesquiera documentos que ustedes tengan en su poder con relación a los bienes de la Sucn. Franceschi y que recibieron en su referido carácter de abogados. Si Uds. en cualquier momento necesitan dichos récords para reclamación de honorarios los tendremos a su disposición.—Muy atentamente, (fdos.) Marcos Vecchini—Pablo Vecchini—J. M. Franceschi."

En esta carta los herederos admiten que los abogados pueden necesitar los récords cuya entrega solicitan para la reclamación de sus honorarios, y ofrecen tenerlos a su disposición.

Independientemente del criterio que pueda sustentar esta

corte con respecto a este alegado derecho de retención de documentos y valores (*retaining lien*), entendemos que la solicitud de los herederos no puede prosperar, porque no conocemos ninguna ley que obligue a los abogados a desprenderse de copias de alegaciones que tienen en su poder y que pueden necesitar para su propia protección. Los Sres. López de Tord y Zayas Pizarro pudieron allanarse al requerimiento de los herederos y desprenderse voluntariamente de los documentos; pero desde el momento en que han puesto de manifiesto su oposición, no es posible obligarlos a realizar la entrega en virtud de una orden judicial. De la misma solicitud se deduce que la mayor parte de los documentos reclamados se compone de escritos y alegaciones presentados en los tribunales de justicia, a los cuales tienen acceso los herederos.

Además, en la moción de los herederos se solicitan todos los documentos que hayan venido a posesión de los abogados relacionados con el caudal hereditario, sin especificar cuáles son los documentos que se reclaman, a fin de que en caso de que hubiese que ordenar la entrega por mandato judicial, supiese el funcionario encargado de ejecutar la orden los documentos que tenía que ocupar. Tal y como aparece redactada la moción, el cumplimiento del requerimiento de los herederos queda a merced de los abogados, ya que no se sabe cuáles son los documentos que se reclaman y que se deben entregar. La alegación de que los apelados entreguen todos los documentos relacionados con el caudal hereditario que hayan venido a posesión de los abogados adolece de vaguedad y falta de precisión y cualquier orden que la corte dictase para hacerla efectiva resultaría de difícil ejecución.

*Por las razones expuestas entendemos que el recurso interpuesto es frívolo y que debe ser desestimado.*